MATTER OF CASTILLO-GODOY

In Deportation Proceedings

A-14611583

*Decided by Board November 17, 1967*

Notwithstanding requisite family relationship, respondent, who entered the United States on the basis of a fraudulent marriage to a United States citizen and was thus exempt from the presentation of a labor certification, is statutorily ineligible for the benefits of section 241(f) of the Immigration and Nationality Act, as amended, because he was inadmissible at entry under section 212(a)(14) of the Act, as amended, and, therefore, was not "otherwise admissible" at entry except for grounds arising from visa fraud or misrepresentation.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excluable at entry: (1) Visa procured by fraud or willful misrepresentation (sec. 212(a)(19)); (2) Immigrant, no visa (sec. 212(a)(20)); (3) Entering for labor, no certification (sec. 212(a)(14)).

ON BEHALF OF RESPONDENT:
Rodolfo Victoria, Esquire
Newman and Newman
354 South Spring Street
Los Angeles, California 90013

ON BEHALF OF SERVICE:
Reece B. Robertson
Trial Attorney

Respondent, a 32-year-old married male, a native and citizen of Mexico, was admitted on February 5, 1966 upon surrender of a visa issued to him as an alien born in an independent country of the Western Hemisphere. Although coming to perform unskilled labor he was exempted from the labor certification requirement because he was married to Luna, a citizen of the United States. The marriage was not a bona fide one: respondent married solely to obtain entry under the immigration laws.

On May 29, 1967, the special inquiry officer found respondent deportable upon the grounds stated in the caption and ineligible for section 241(f) relief. Timely appeal was filed. In September the case was transcribed and submitted to the Board which on October 5, 1967

ruled that respondent was not within section 241(f) because the relationship on which he based his eligibility was to his illegitimate child.

On October 18, 1967 respondent filed a motion to reopen the hearing to establish that respondent had obtained a final divorce from Luna on August 8, 1967, that he had married the mother of his child on August 26, 1967, that she is a United States citizen, that the marriage legitimated the child and that respondent is now a "parent" of a United States citizen for the purpose of section 241(f).

Opposing the motion, the Service contends that even if respondent is a "parent" he is not eligible for relief under section 241(f). The Service points out the benefits of the section are available only to an alien who is admissible at the time of entry except for the fact that he secured a visa or other documentation by fraud or misrepresentation. The respondent, the Service contends, was inadmissible on a ground in addition to those arising out of the procurement of a visa by fraud— he did not have the labor certification required by section 212(a)(14) of the Act.

If the allegations of the motion are true, the respondent is the "parent" of a United States citizen child and would come within the terms of section 241(f) if he were admissible except for the fraud. However, we find that respondent was not so admissible: at the time of entry, he needed a labor certification, but he did not have one. There is no reason to believe that Congress intended section 241(f) to apply to an alien who had entered without the proper labor certification.

Since we find that respondent was otherwise inadmissible than by reason of his fraud, we do not believe that reopening would serve any purpose. The motion will therefore be denied.

**ORDER:** It is ordered that the motion to reopen be and the same is hereby denied.